101 F.3d 716
 42 U.S.P.Q.2d 1154
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
WARMINSTER FIBERGLASS COMPANY, INC., Plaintiff-Appellant,
v.
DELTA FIBERGLASS STRUCTURES, INC., aka, Delta Reinforced
Plastic Structures, Inc., Defendant/Cross-Appellant.
 Nos. 96-1113, 96-1110.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1996.
 
 Before ARCHER, Chief Judge, PLAGER, and SCHALL, Circuit Judges.
 DECISION
 SCHALL, Circuit Judge.
 
 
 1
 Warminster Fiberglass Company, Inc. ("Warminster") appeals from the judgment of the United States District Court for the District of Utah following a bench trial in Warminster's suit against Delta Fiberglass Structures, Inc. ("Delta") for patent infringement. Warminster Fiberglass Co. v. Delta Fiberglass Structures, Inc., No. 89-C-723J (Nov. 7, 1995). We affirm.
 
 DISCUSSION
 I.
 
 2
 Warminister sued Delta for infringement of claims 1, 2, 4, 6, and 11 of United States Patent No. 4,391,704 ("the '704 patent"). The '704 patent is assigned to Warminster; the patent is directed to an odor control system adapted to capture and treat noxious gases generated by waste water or sewage treatment plants. Claim 1 is the only independent claim in the patent; claims 2, 4, 6 and 11 depend from it. The only dispute before us involves the meaning and scope of Claim 1. The claim reads in full as follows:
 
 
 3
 1. In combination with a settling tank for a wastewater treatment, said tank including an inlet line for feeding wastewater therein, means to remove sludge from the tank and an outlet zone defined by an effluent trough, at least one side of which has a weir to permit clarified water to spill into the trough; and an outlet to remove clarified water from said trough; an arrangement for preventing noxious gases generated in the wastewater from being discharged into and fouling the atmosphere, said arrangement comprising:
 
 
 4
 A. a hood which is supported over the trough to define a confined region to capture said gases, said hood having a side wall which protrudes into the water in said settling tank at a position spaced from the weir side of the trough, said side wall protruding into the water to a depth below the upper edge of the weir to form a scum baffle integral with the hood; and
 
 
 5
 B. means to treat the captured gases to render them inactive, and to prevent the discharge of said noxious gases into the atmosphere.
 
 
 6
 This case was originally tried in the district court in June, 1991. The court held that the '704 patent was not in valid, and found that Delta's odor control system did not infringe the asserted claims of the patent, either literally or under the doctrine of equivalents.
 
 
 7
 The court noted that the accused system, unlike the patented system, contained an air gap between the scum baffle and hood. The court held that the air gap prevented the hood from defining a "confined region" and that it prevented the hood from being "integral with" the baffle.
 
 
 8
 The case was appealed to this court.
 
 
 9
 In our March 17, 1994 decision, we vacated the trial court's finding of noninfringement under the doctrine of equivalents and its finding that the patent was not proven invalid.[1] We rejected the district court's restrictive interpretation of the terms "confined region" and "integral" in Claim 1, holding that the court unduly limited the term "confined region" to regions that are "completely sealed" and the term "integral" to "one-piece" constructions.
 
 
 10
 We held that the district court did not clearly err in its finding of no literal infringement, but we remanded for a determination of whether, under our claim interpretation, there was infringement under the doctrine of equivalents.
 
 
 11
 On remand, the district court found that Delta's odor control system did not infringe under the doctrine of equivalents.
 
 
 12
 The court also found no contributory infringement, noting that the Delta device was capable of substantial noninfringing use.
 
 
 13
 At the same time, the court concluded that Delta's good-faith belief that its design did not infringe the '704 patent precluded a finding that Delta knowingly induced infringement. Lastly, the court held that the '704 patent was not in valid.
 
 
 14
 Warminster urges us to reverse the district court's doctrine of equivalents determination, arguing that the court misapplied our earlier interpretation of the terms "integral" and "confined region." Warminster also challenges the district court's findings of no contributory infringement and no inducement of infringement. For its part, Delta cross-appeals on the validity issue.
 
 II.
 
 15
 We review the district court's claim construction de novo, see Markman v. Westview Instr., Inc., 52 F.3d 967, 979 (Fed.Cir.1995), aff'd, 116 S.Ct. 1384 (1996), and its findings relating to alleged infringement under the doctrine of equivalents for clear error, see Hilton Davis Chem. Co. v. Warner-Jenkinson Co., 62 F.3d 1512, 1521 (Fed.Cir.1995), cert. granted, 116 S.Ct. 1014 (1996). After careful consideration, we hold that the district court's claim construction is in accord with our earlier decision. We further find that the district court's finding of no infringement under the doctrine of equivalents is not clearly erroneous. Because we affirm the district court's finding of no infringement, we need not address the issues of inducement of infringement or contributory infringement.
 
 
 16
 First, we disagree with Warminster's interpretation of the term "integral." Warminster would like us to interpret the term "integral" as meaning functionally as opposed to physically integral. Such a reading would be directly contrary to our earlier interpretation of the term "integral" as defining a "structural relationship."
 
 
 17
 Second, we turn to the issue of infringement under the doctrine of equivalents. Although it is legal error not to apply the doctrine of equivalents to the invention as a whole, each limitation or its equivalent must be found in the accused device. "It is ... well settled that each element of a claim is material and essential, and that in order for a court to find infringement, the plaintiff must show the presence of every element or its substantial equivalent in the accused device." Perkin-Elmer Corp. v. Westinghouse Elec. Corp., 822 F.2d 1528, 1533 (Fed.Cir.1987) (quoting Lemelson v. United States, 752 F.2d 1538, 1551 (Fed.Cir.1985)). As noted in Athletic Alternatives, Inc. v. Prince Manufacturing, Inc., 73 F.3d 1573 (Fed.Cir.1996), "the doctrine of equivalents is not a license to ignore or 'erase ... structural and functional limitations of the claim,' limitations 'on which the public is entitled to rely in avoiding infringement.' " Id. at 1582 (quoting Perkin-Elmer, 822 F.2d at 1532).
 
 
 18
 In this case, the inventors specifically claimed a scum baffle that was integral with the hood. Because we interpret the term integral to mean "structurally related," we cannot consider the accused device, in which the scum baffle and hood are physically separated, to be the equivalent of the claimed invention without reading out the term "integral." Therefore, because we believe that the district court's doctrine of equivalents determination is the only proper conclusion, we cannot find it clearly erroneous.
 
 
 19
 Agreeing that the alleged infringing device does not infringe the claimed invention, we need not reach the issues of contributory infringement or inducement of infringement. See Met-Coil Sys. Corp. v. Korners Unlimited, Inc., 803 F.2d 684, 687 (Fed.Cir.1986) ("Absent direct infringement of the patent claims, there can be neither contributory infringement ... nor inducement of infringement ...." (citations omitted)).
 
 
 20
 Finally, we have carefully considered Delta's cross-appeal on the validity issue. Having done so, we conclude that all of Delta's contentions are unpersuasive. Accordingly, we will not disturb the ruling of the district court on this issue.
 
 
 21
 Each party shall bear its own costs.
 
 
 
 [1]
 Our vacatur of the validity judgment was premised solely on the trial court's omission of findings of fact and conclusions of law